Lauren M. Rule (ISB # 6863) (lrule@advocateswest.org)
Todd C. Tucci (ISB # 6526) (ttucci@advocateswest.org)
Judith M. Brawer (ISB # 6582) (jbrawer@advocateswest.org)
*ADVOCATES FOR THE WEST*
P.O. Box 1612
Boise, ID 83701
(208) 342-7024
(208) 342-8286 (fax)

Laurence ("Laird") J. Lucas (ISB # 4733) (llucas@lairdlucas.org)
P.O. Box 1342
Boise, Idaho 83701
(208) 424-1466 (phone and fax)

Attorneys for Plaintiff Western Watersheds Project

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, ) | Civ. No. 05-297-E-BLW |
| ) | |
| Plaintiff, ) | **PLAINTIFFS' RESPONSE** |
| ) | **OPPOSING BLM MOTION** |
| vs. ) | **TO DISMISS ESA CLAIMS** |
| ) | *(Docket No. 40)* |
| JOE KRAAYENBRINK, et al. ) | |
| ) | |
| Defendants. ) | |

## INTRODUCTION

BLM's Motion To Dismiss argues that the Court lacks jurisdiction over Plaintiff's ESA claims, because Western Watersheds supposedly failed to provide the statutorily required 60-days notice. *See Motion to Dismiss (Docket No. 40)*; *BLM Opp. Br. (Docket No. 37), p. 29.* As explained below, the Court may readily deny the Motion to Dismiss, because Western Watersheds in fact provided BLM a notice of intent to sue letter on July 22, 2005, which fulfills its ESA notice requirements. *See Exhibit 1 hereto* (copy of notice letter).

PLAINTIFF'S RESPONSE OPPOSING BLM MOTION TO DISMISS -- 1

**ARGUMENT**

### I. WESTERN WATERSHEDS GAVE THE REQUIRED NOTICE.

On July 22, 2005, Western Watersheds sent the required ESA notice letter, expressly putting BLM on notice that it must consult under ESA Section 7 over the new grazing regulations; and advising that Western Watersheds intended to bring suit following expiration of the 60-day notice period for BLM's Section 7 violations.  *See Exhibit 1 hereto.*

As required by the ESA, this notice letter was sent to the Secretary of Interior, as well as BLM and its Director Kathleen Clarke.  *Id.*  Because the notice was given on July 22, 2005, and Plaintiff's First Amended Complaint alleging ESA Section 7 violations against Defendants Clarke and BLM was not filed until July 12, 2006 – i.e., nearly a year later – the notice letter satisfies the ESA's statutory requirement that a citizen suit may not be brought under ESA Section 11(g) "prior to sixty days after written notice of the violation has been given to the Secretary, and to any alleged violator. . . ."  *See* 16 U.S.C. § 1540(g)(2)(A)(i).

### II. BLM WAS ON NOTICE OF THE ALLEGED ESA VIOLATIONS.

Neither is BLM correct that this July 2005 notice letter is somehow inadequate under the ESA, because it pre-dated BLM's publication of the final grazing regulations in July 2006.  *See BLM Opp. Br., p. 29-30.*

BLM's claim here – that it had "no notice of any deficiencies in the rule" – cannot survive scrutiny, in light of the express notice that Western Watersheds gave BLM about its Section 7 violations in failing to consult over the new grazing regulations, which are the same violations alleged in the First Amended Complaint.  *Compare Southwest Center*

PLAINTIFF'S RESPONSE OPPOSING BLM MOTION TO DISMISS -- 2

*v. Bureau of Reclamation*, 143 F.3d 515, 520-22 (9th Cir. 1998) (affirming dismissal of ESA claims where none of plaintiff's three notice letters mentioned the claims over which plaintiff ultimately brought suit).

Specifically, Western Watersheds sent its July 22, 2005 notice letter **after** BLM released its June 2005 Final Environmental Impact Statement for the new regulations, in which BLM identified the specific regulation changes that it was making – and in which BLM stated that "[a] determination was made that the regulatory changes would have no effect on candidate, proposed, threatened, or endangered species," and hence BLM would not undertake ESA Section 7 consultation. *See Final EIS, p. 5-7*.

In response, Western Watersheds sent BLM the July 22, 2005 notice letter to advise that Western Watersheds intended to sue based on BLM's refusal to conduct Section 7 consultation over the new regulations, or to reinitiate its prior ESA consultation over the 1995 regulations. *See Exhibit 1*. The notice clearly identified the asserted violations of law (i.e., failure to consult under the ESA), and invited BLM to contact Western Watersheds about settlement if it wanted to avoid the threatened litigation. *Id.*

As the Supreme Court has noted, the purpose of the notice requirement is to ensure that the defendant is given pre-suit notice of the alleged violations so it has an opportunity to address the matter before a lawsuit is filed. *See Hallstrom v. Tillamook County,* 493 U.S. 20, 29 (1989); *Southwest Center, supra*, 143 F.3d at 520-21. The year-long period between the July 2005 notice letter and BLM's publication of the final regulations in July 2006 abundantly satisfies this requirement; and certainly advised BLM of its alleged ESA violations in refusing to conduct ESA Section 7 consultation over the new regulations. Accordingly, the Motion to Dismiss must be denied.

PLAINTIFF'S RESPONSE OPPOSING BLM MOTION TO DISMISS -- 3

### III.   THERE IS NO BAR AGAINST "ANTICIPATORY" NOTICES.

BLM also asks this Court to dismiss the ESA claims on grounds that the July 2005 notice letter was somehow an improper "anticipatory" notice, citing *American Rivers v. NMFS,* 109 F.3d 1484 (9th Cir 1997), *vacated and remanded on other grounds,* 126 F.3d 1118 (9th Cir. 1997).  Aside from the fact, explained above, that the July 2005 was not "anticipatory" at all, because it was based on BLM's already-determined course of conduct that it would not consult over the new regulations, this argument also fails as a matter of law.

BLM reads *American Rivers* as adopting a bright-line rule that "anticipatory notices of intent to sue do not satisfy the jurisdictional citizen suit notice requirements." *BLM Opp. Brief, p. 29.*   But *American Rivers* hardly supports this reading.  Instead, in that case plaintiffs sent a notice letter over one biological opinion, but did not timely send notice over a subsequent opinion.  The court held that the prior notice was not adequate because it did not identify the legal violations alleged in the subsequent opinion, nor allow the Service adequate time to seek an amicable resolution to the matter.  *See* 109 F.3d at 1492.  Those facts are obviously not applicable here; and nothing in *American Rivers* purports to hold that "anticipatory" notices are improper anyway.

To the contrary, BLM ignores other Ninth Circuit cases squarely rejecting its theory that "anticipatory" notice letters are not acceptable.  In *Citizens for a Better Environment v. Union Oil Co.,* 861 F.Supp. 889, 912 (N.D. Cal. 1994)*, aff'd,* 83 F.3d 1111 (9th Cir. 1996)*, cert. denied,* 117 S.Ct. 789 (1997), defendant Union Oil sought to dismiss a citizen suit on the same grounds alleged here by BLM, *i.e.,* that as a matter of

PLAINTIFF'S RESPONSE OPPOSING BLM MOTION TO DISMISS -- 4

law the notice letter was ineffective, since it pre-dated the asserted violation. *See* 861 F.Supp. at 911-912. The court rejected that argument, holding that "notice of a citizen plaintiffs' intent-to-sue filed in anticipation of – and thus prior to – a violation of the Clean Water Act counts as valid and effective notice." *Id.* The court found that anticipatory notice "furthers" the goals of the notice requirement, "for it affords defendants and enforcement authorities an opportunity to attempt to avert or mitigate anticipated violations." *Id. See also Marbled Murrelet v. Babbitt, 83 F.3d 1068* (9th Cir. 1996) (affirming adequacy of anticipatory notice letter filed before any federal involvement in timber sale).

In short, the facts here demonstrate that Western Watersheds sent its July 2005 notice letter **after** BLM has already published its Final EIS asserting that the new grazing regulations would have "no effect" on endangered or threatened species, and thus refusing to undertake ESA Section 7 consultation. The July 2005 notice specifically advised BLM that this course of action violated the ESA, and invited BLM to work with Western Watersheds to avoid litigation over the alleged violations. Because the ESA does not require any more notice than this, BLM's Motion To Dismiss should thus be denied.

### IV.     THE COURT ALSO HAS JURISDICTION UNDER THE APA.

Even if the Court were inclined to view the July 2005 notice as insufficient under the ESA – which it should not do, for reasons above – BLM's Motion To Dismiss must still be denied, to the extent that it seeks complete dismissal of the Third Claim for Relief in Plaintiff's First Amended Complaint.

PLAINTIFF'S RESPONSE OPPOSING BLM MOTION TO DISMISS -- 5

That is because the Third Claim for Relief not only challenges BLM's violations of ESA Section 7 under the ESA citizen suit provision, 16 U.S.C. § 1540(g), but also challenges the "no effect" determination as being arbitrary, capricious, and contrary to law under the APA.  *See First Amended Complaint (Docket No. 23), ¶ 157.*  As the Supreme Court held in *Bennett v. Spear,* 520 U.S. 154 (1997), certain "final" agency decisions that are made pursuant to the ESA are nevertheless reviewable pursuant to the APA (and not the ESA citizen suit provision), to determine if they are arbitrary, capricious or contrary to law.  Thus, the APA provides jurisdiction for the Court to review the "no effect" determination under the Third Claim for Relief, irrespective of Plaintiff's claims alleging procedural and substantive violations of ESA Section 7 under the ESA citizen suit provision.

## CONCLUSION

For the foregoing reasons, BLM's Motion to Dismiss should be denied.

Dated:  July 26, 2006                  Respectfully submitted.

    ___/s/_____
Laurence ("Laird") J. Lucas (ISB # 4733)
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July 2006, I caused to be electronically filed the foregoing PLAINTIFF'S RESPONSE OPPOSING BLM MOTION TO DISMISS ESA CLAIMS with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the opposing counsel of record listed below:

    Deborah Ferguson
    Assistant U.S. Attorney
    Deborah.Ferguson@usdoj.gov

    Lori Caramanian
    U.S. Department of Justice
    Lori.Caramanian@usdoj.gov

PLAINTIFF'S RESPONSE OPPOSING BLM MOTION TO DISMISS -- 6

Donna Fitzgerald
U.S. Department of Justice
Donna.Fitzgerald@usdoj.gov

Courtney Taylor
U.S. Department of Justice
Courtney.Taylor@usdoj.gov

      /s/_____
Laurence ("Laird") J. Lucas