IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS )<br>PROJECT, )<br>    )<br>    Plaintiff, )<br>    )<br>  v. )<br>    )<br>JOE KRAAYENBRINK, BLM )<br>Idaho Falls District Manager, )<br>KATHLEEN CLARKE, BLM )<br>Director, and BUREAU OF LAND )<br>MANAGEMENT, )<br>    )<br>    Defendants. )<br>_____) <br>    )<br>RALPH MAUGHAN, et al., )<br>    )<br>    Plaintiffs, )<br>    )<br>  v. )<br>    )<br>DAVE ROSENKRANCE, et al., )<br>    )<br>    Defendants. )<br>_____) | CONSOLIDATED CASES<br>Case No. CV-05-297-E-BLW (Lead)<br><br>**ORDER**<br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No. CV-06-275-E-BLW |

The Court has before it Litigation Plans filed by the parties suggesting different schedules for litigating this case on a Legal Track. The Court's staff held a telephone conference with all counsel on November 7, 2006, and the Court has been

**Order – Page 1**

apprised of their arguments.

The Court agrees with the Government's assessment that the legal merits of this case must be resolved before the next grazing season. In addition, the Court recognizes that the Government is burdened by the injunction and hence entitled to an expeditious resolution.

Typically, these circumstances would cause the Court to adopt the aggressive schedule proposed by the Government. However, the Thanksgiving and Christmas seasons are fast approaching, and the Court has traditionally not pushed counsel to work through that time.

Given all these factors, the Court will set a schedule that will allow for a resolution by the next grazing season, but at the same time will accommodate the holidays. Accordingly,

NOW THEREFORE IT IS HEREBY ORDERED:

(1)  That the Administrative Record shall be filed by **November 13, 2006.**

(2)  That the parties shall file any objections to the Administrative Record on or before **December 20, 2006.**

(3)  If objections are filed, the briefing on the objections shall be done according to Local Rule.

(4)  If objections are filed, all motions for summary judgment must be filed

**Order – Page 2**

within three weeks after the date the Court resolves the objections.

(5)   If no objections are filed, all summary judgment motions (concerning Claims One, Two, and Three in *Kraayenbrink* and all claims in *Maughn*) must be filed on or before **January 15, 2007.**

(6)   On the summary judgment briefs, the response briefs shall be due 30 days after the opening briefs, and the reply briefs shall be due 15 days after the response briefs.

(7)   The parties will be permitted 50 pages for the Opening Briefs as well as the Response Briefs and 25 pages for the Reply Briefs.

(8)   The motion for consolidation (Docket No. 2 in *Maughan v. Rosenkrance*, CV-06-275) is GRANTED, and the case of *Maughan v. Rosenkrance*, CV-06-275-E-BLW is hereby consolidated for all purposes with *Western Watersheds v. Kraayenbrink*, CV-05-297-E-BLW. The lead case, in which all material shall be filed from this point forward, shall be the *Kraayenbrink* case.

(9)   Pursuant to the agreement of all counsel, the Fourth Claim in the *Kraayenbrink* case (regarding the Pleasant View Allotment) shall not be subject to this schedule. The Court understands that counsel are attempting to settle that claim, and its resolution, if not settled, shall be

set up later on a separate track.

(10) A hearing on the motions for summary judgment shall be held on **April 2, 2007, at 9:00 a.m.** in the James A. McClure Federal Building and U.S. Courthouse in **Boise, Idaho**. Two hours shall be allotted for the argument.



DATED:  **November 9, 2006**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge