IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| WESTERN WATERSHEDS PROJECT, | ) | |
| | ) | Case No. CV-05-297-E-BLW |
| Plaintiff, | ) | (Lead Case) |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **DECISION AND ORDER** |
| JOE KRAAYENBRINK, BLM Idaho | ) | |
| Falls District Manager, KATHLEEN | ) | |
| CLARKE, BLM Director; and BUREAU | ) | |
| OF LAND MANAGEMENT, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| RALPH MAUGHAN, IDAHO WILDLIFE | ) | Case No. CV-06-275-E-BLW |
| FEDERATION; IDAHO | ) | |
| CONSERVATION LEAGUE; NATURAL | ) | |
| RESOURCES DEFENSE COUNCIL; | ) | |
| AND THE NATIONAL WILDLIFE | ) | |
| FEDERATION, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVE ROSENKRANCE, Field Manager, | ) | |
| Bureau of Land Management, Challis, | ) | |
| Idaho Field Office; PHIL DAMON, Field | ) | |
| Manager, Bureau of Land Management, | ) | |
| Pocatello, Idaho Field Office; KATHLEEN | ) | |
| CLARKE, Director, Bureau of Land | ) | |
| Management; and Dirk Kempthorne, | ) | |

**Memorandum Decision and Order – Page 1**

Secretary, United States Department of the )
Interior,                                  )
                                           )
                      Defendants.          )
_____)

## INTRODUCTION

The Court has before it a motion to amend and a motion for injunctive relief filed by WWP, and a motion to dismiss filed by the BLM.  For the reasons expressed below, the Court will deny the motion to dismiss, grant the motion to amend, and deny the motion for injunctive relief as moot, without prejudice to WWP's right to seek injunctive relief for ESA violations.

## LITIGATION BACKGROUND

WWP brought this action to challenge the BLM's amendments to grazing regulations.  In two decisions, issued August 11, 2006, and September 25, 2006, the Court concluded that WWP was likely to prevail on its NEPA claims and so enjoined the new regulations from taking effect.  The Court's decision was based in part on the unexplained exclusion of a report of BLM experts critical of the modifications to the regulations.  The Court did not reach WWP's ESA claims, and thus the injunction is not based on those claims.

The parties are now in the process of briefing motions for summary judgment.  Those motions should resolve the entire case.  There are, however, three

**Memorandum Decision and Order – Page 2**

old motions still on the docket that need to be resolved, and the Court will turn to those now.

## 1.   <u>Motion to Dismiss</u>

The BLM seeks to dismiss WWP's third claim for relief, alleging that the BLM violated § 7 of the ESA by failing to consult with the Fish and Wildlife Service (FWS) before issuing its final rule amending grazing regulations.  The ESA prohibits such a claim from being brought "prior to sixty days after written notice of the violation has been given . . . ."  *See* 16 U.S.C. § 1540(g)(2)(A)(I); § 1540(g)(2)(c).  This requirement is jurisdictional, *Save the Yaak Comm. v. Block*, 840 F.2d 714, 721 (9th Cir. 1988), and it cannot be avoided by employing a "flexible or pragmatic construction."  *Hallstrom v. Tillamook County*, 493 U.S. 20, 26 (1989).[1]  "The purpose of this notice is to give the federal government and any alleged violators an opportunity to comply, and thus render a citizen suit unnecessary."  *Marbled Murrelet v. Babbitt*, 83 F.3d 1068, 1072 (9th Cir. 1996). When given notice, "the agencies have an opportunity to review their actions and take corrective measures if warranted."  *Southwest Center for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 520 (9th Cir. 1998).

---

[1]  *Hallstrom* involved the sixty-day notice provision of RCRA, rather than the ESA, but this Circuit has adopted *Hallstrom's* reasoning in ESA cases.  *See Save the Yaak*, 840 F.2d at 721.

**Memorandum Decision and Order – Page 3**

To further this purpose, the notice letter must be specific, and cannot be used to support later-filed ESA claims that were not mentioned in the letter. *Id.* at 521-22 (notice letters did not discuss loss of Flycatcher habitat and thus failed to place agency on notice of those claims). Likewise, a notice letter that attempts to apply to future agency action not yet taken is insufficient. *American Rivers v. NMFS*, 109 F.3d 1484 (9th Cir. 1997), *vacated and remanded on other grounds*, 126 F.3d 1118 (9th Cir. 1997) (notice letters complaining of 1994 Biological Opinion and "any revised" version failed to notify agency of flaws in 1995 Biological Opinion issued 11 months after notice letter).

The lesson of these cases is that notice letters will be closely scrutinized. They must alert the agency to specific deficiencies so that corrective action can be taken.  There is no question that WWP's notice letter complies with this line of authority.  First, the letter was filed almost a year before suit was filed, easily complying with the requirement that the BLM have sixty days to correct the problems.  Second, the letter contains a specific claim that alerted the agency to the need for corrective action and was identical to the claim contained in this lawsuit.

The BLM asserts, however, that the letter is insufficient because it was filed before the BLM's final rule was published.  After that publication, WWP failed to send another notice letter before filing this suit.  That failure, the BLM asserts,

deprives this Court of jurisdiction to hear the § 7 claim.  The BLM asserts that until

the rule was published, "there could be no violation of the ESA and thus no notice

of any alleged violation."  *See BLM's Opening Brief* at p. 30.

This argument was at least implicitly rejected in *Home Builders v.*

*U.S.F.W.S.*, 2006 WL 3190518 (E.D.Cal. 2006), *modified on other grounds*, 2007

WL 201248 (E.D.Cal. 2007).  There, plaintiff Home Builders sent a notice letter in

2004 complaining about the FWS's 2003 Final Rule concerning the habitat for 15

vernal pool species.  In response, the FWS reopened the matter for public

comment, and then issued a new Final Rule in 2005.  Home Builders filed a lawsuit

challenging the 2005 Final Rule, but failed to submit a new notice letter.

Home Builder's challenge to the 2005 Final Rule would have been quickly

dismissed under the BLM's analysis – a notice letter sent in 2004 would be

premature to challenge agency action in 2005.  However, the district court ruled

otherwise.  It found the notice letter sufficient because it alerted the agency to the

same claims that were eventually contained in the lawsuit, *id*. at *7, precisely the

situation here.

WWP's letter was sent on July 22, 2005.  This was about a month after the

BLM had issued its Final Environmental Impact Statement (FEIS) for the new

regulations.  In this FEIS, the BLM concluded that no § 7 consultation was

**Memorandum Decision and Order – Page 5**

necessary.  *See FEIS* at pp. 5-7.

It was this decision – grounded in reality rather than speculation – that WWP complained of in the notice letter.  The presence of a specific decision distinguishes this case from *American Rivers* where the notice letter was attempting to sweep within its ambit anticipated agency findings that had not even been issued.[2]  There, once the findings were issued, the agency would have to engage in some guesswork about which findings were objectionable.  Here, no such guesswork was required.  WWP's notice letter alerted the BLM to a specific flaw in a decision already made by the BLM.  To ignore this notice would defeat the purpose of the sixty-day requirement – the notice gave the BLM a chance to reconsider its decision before wasting further time and effort in a process that might need to be re-done.  For these reasons, the Court finds that WWP's notice letter conferred jurisdiction on this Court to hear the § 7 ESA claim.  *See generally Citizens v. Union Oil*, 861 F.Supp. 889, 911-12 (N.D.Cal. 1994) (notice letter

---

[2]  This also distinguishes the present case from *Kern County v. Badgley*, 2002 Lexis 24125 (E.D.Cal. 2002) cited by the BLM.  There, as in *American Rivers*, the notice letter complained of anticipated agency action.  Specifically, the letter complained about the agency's expected final rule listing the Buena Vista Lake shrew as endangered.  *Id.* at *6.  The letter predated the issuance of the final rule by about 40 days.  *Id.*  Thus, the letter suffered from the same flaw as the letter in *American Rivers* – both letters attacked agency action that had not yet occurred, and thus neither promoted corrective action.  WWP's letter was much different, as discussed above.  A more recent case from the same District – *Home Builders*, discussed above – distinguishes *Kern County* on this very same ground.

**Memorandum Decision and Order – Page 6**

sufficient even though filed before violation because it fulfilled purpose of Clean Water Act to give agency chance to correct violations).[3]

WWP's third claim for relief also includes an allegation that the "no effect" determination in the FEIS is arbitrary and capricious under the Administrative Procedures Act (APA), 5 U.S.C. § 706.  Final agency action is reviewable under the APA even if not covered by the ESA citizen-suit provisions.  *See Bennett v. Spear*, 520 U.S. 154, 176-178 (1997).  In *Bennett*, the Supreme Court rejected the agency's argument that a Biological Opinion challenged by plaintiffs under the ESA could not be final agency action under the APA because the agency was not bound to follow it.  *Id*.  While the High Court found that certain claims could not be pursued directly under the ESA, the Court allowed those claims to go forward under the APA.  *Id*.  Thus, even if WWP's notice letter was insufficient, WWP's challenge to the FEIS "no effect" determination could go forward under the APA just as the challenge to the Biological Opinion went forward in *Bennett*.

For all of these reasons, the Court will deny the BLM's motion to dismiss.

## 2.    <u>Motion to Amend Complaint</u>

---

[3]  Interestingly, the Ninth Circuit has approved – although without discussion – notice letters issued before any agency final decision, as that phrase is used by the BLM here.  In *Marbled Murrelet*, the Circuit approved notice letters dated in March and April of 1995 (complaining about the lack of § 7 consultation), even though final agency approval was not completed until July 18, 1995.  *Marbled Murrelet*, 83 F.3d at 1072.

WWP seeks to amend its complaint to enlarge its challenge to the new grazing regulations.  The BLM objects on the ground that these claims should not be joined with the unrelated challenge to the Pleasantview allotment.  This is not, however, an objection under Rule 15(a) to the expanded regulation challenge, and the Court can find no reason to deny those amendments under the liberal provisions of that Rule.  Moreover, WWP alleges that the Pleasantview allotment decision is emblematic of the alleged flaws identified by WWP in the new regulations, and hence the claims are related.  The Court will therefore grant WWP's motion to amend.

**3.      Motion for Immediate Injunctive Relief for ESA Violations**

This motion was rendered moot by the Court's decision enjoining the regulations on other grounds.  Moreover, the parties have filed a new round of motions for summary judgment on various issues, some of which involve the ESA claims.  Those motions will decide the issue, and the Court will therefore deny this motion without prejudice to WWP's right to seek injunctive relief for ESA violations.

**ORDER**

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss

**Memorandum Decision and Order – Page 8**

(Docket No. 40 in CV-05-297-E-BLW) is DENIED.

IT IS FURTHER ORDERED, that the motion to amend/correct (Docket No. 24 in CV-05-297-E-BLW) is GRANTED.

IT IS FURTHER ORDERED, that the motion for immediate injunction under ESA (Docket No. 31 in CV-05-297-E-BLW) is DENIED without prejudice to WWP's right to seek injunctive relief for ESA violations.

DATED:  **March 27, 2007**



Honorable B. Lynn Winmill
Chief U. S. District Judge